————O————

No. 6991.

## A. T. MOORE, ET ALS., v. SUCCESSION OF JOHN T. MOORE, ET ALS.

### Syllabus.

1. The homologation of an account and tableau of distribution of an executrix based simply upon estimated inventory values and wherein the executrix proposes to settle the debts by a sale of movables to be thereafter made upon an order of Court to be by her subsequently applied for, does not evidence a closing of the succession. And this is particularly the fact where there follows no actual distribution of the estate nor any discharge of the executrix, but where on the contrary the latter does subsequent to the homologation of the account apply for and obtain an order of sale of movables to pay debts as the account itself indicated and contemplated she should do. The fact that the account is termed final does not constitute it such.

2. An adjudicatee is fully protected if the Court ordering the sale was vested with jurisdiction. Questions as to the qualifications of the executrix at whose instance the sale was provoked or as to the necessity of the sale, are of no concern to him.

Appeal from the Civil District Court, Parish of Orleans, No. 118,670, Division "D"; Honorable Porter Parker, Judge. Affirmed.

George Montgomery & Joseph Lautenschlager, for plaintiff and appellant.

C. R. Beattie, for defendant and appellee.

His Honor, EMILE GODCHAUX, rendered the opinion and decree of the Court, as follows:

Plaintiffs, adjudicatees at a judicial sale ordered at the instance of the executrix in the *Succession of John T. Moore, Jr.,* defendant herein, declined to take the property bid in by them and sued for the return of their deposits. They now appeal from a judgment rejecting their demands and ordering them to comply with the adjudication.

It is contended that the sale is null because the succession was finally closed and the probate Court shorn of jurisdiction by its decree homologating a final account and tableau of distribution of the executrix rendered several years prior to the order of sale in question.

It is true that the account was termed by the executrix and in the judgment homologating same as a final one, but that fact alone does not constitute it such.

An examination of the proceeding discloses that the account showed on its face not sufficient cash to pay the debts recognized thereon; that the proposed distribution of the assets was tentative, based entirely upon estimated inventory values that were in fact never realized; and that the executrix therein proposed that it would be necessary thereafter to secure an order of sale of the movables for the purpose of liquidating the debts. Such an order of sale with respect to the movables was in fact obtained long

subsequent to the homologation of this account, but there is no evidence that the fund realized which was far below the inventory value of the movables sold, was employed to discharge the debts; nor does it appear that any of the assets were in fact distributed in accordance with the account. And moreover the executrix has meanwhile never applied for or secured her discharge, nor rendered an accounting of funds which subsequently came into her possession as such.

Under these circumstances it is impossible to hold that the succession has been finally closed or that the jurisdiction of the probate Court wherein it was being administered had terminated.

The case of *Barton v. Burbank*, 138 *La.*, 997, is in point while the authorities upon which plaintiffs rely, namely, *Succession of Aranstein*, 51 *A.*, 1052; *Succession of Messick*, 52 *A.*, 1158; and *Graeff v. Graeff*, 4 *Ct. of App.*, 68, disclose either that there had been a fixed and actual distribution or that no further act of administration or accounting was required.

As to the remaining contentions of plaintiffs, it suffices to state that they need not concern themselves as to the qualifications of the executrix at whose instance the sale was provoked or as to the necessity of such sale. As to these matters they are fully protected if the Court ordering the sale is vested with jurisdiction as we hold it is.

The judgment is accordingly affirmed.

Affirmed.

Opinion and decree, February 5th, 1917.

Rehearing refused, March 5th, 1917.

Writ refused, April 19th, 1917.